UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff/Respondent,<br><br>v.<br><br>JAMES ROBERT LEWS,<br><br>                   Defendant/Movant. | Case No. 18-cr-0461-PJH<br>Case No. 12-cr-0322-PJH<br><br>ORDER ON MOTION FOR<br>SENTENCE REDUCTION UNDER<br>18 U.S.C. § 3582(c)(1)(A)<br><br>(COMPASSIONATE RELEASE) |

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

**IT IS ORDERED** that the motion is:

**A.  [ ]  GRANTED**

   [ ]  The defendant's previously imposed sentence of imprisonment of          is reduced

   to       . If this sentence is less than the amount of time the defendant already

   served, the sentence is reduced to a time served; or

   [ ]  Time served.

   If the defendant's sentence is reduced to time served:

      [ ]   This order is stayed for up to fourteen days, for the verification of the

      defendant's residence and/or establishment of a release plan, to make

      appropriate travel arrangements, and to ensure the defendant's safe

      release.  The defendant shall be released as soon as a residence is verified,

      a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

[ ]   There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

[ ]  The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

[ ]  Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of [ ]  probation or [ ]  supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

  [ ]  The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

  [ ]  The conditions of the "special term" of supervision are as follows:

[ ]   The defendant's previously imposed conditions of supervised release are unchanged.

[ ]   The defendant's previously imposed conditions of supervised release are modified as follows:

B.  [ ]   **DEFERRED** pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

C.  [X]   **DENIED** after complete review of the motion on the merits.

D.  [X]   **FACTORS CONSIDERED (Optional),** if motion is Granted or Denied on the merits

   **1. Extraordinary and Compelling Reasons to Warrant Reduction of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Consistent with Applicable Policy Statements**

Section 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling circumstances."  The United States Sentencing Guidelines § 1B1.13 policy statement contains examples of such circumstances; however, the Ninth Circuit recently joined other circuit courts in holding that § 1B1.13 is not applicable to defendant-filed motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  United States v. Aruda, 2021 WL 1307884 (9th Cir. Apr. 8, 2021); see also United States v. Brooker, 976 F.3d 228 (2nd Cir. 2020); see also United States v. McCoy, 981 F.3d 271 (4th Cir. Dec. 2, 2020); United States v. Jones, 980 F.3d 1098 (6th Cir. Nov. 20, 2020); United States v. Gunn, 980 F.3d 1178 (7th Cir. Nov. 20, 2020).

The Aruda court held that the statements in § 1B1.13 may "inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  2021 WL 1307884 at *4.  Accordingly, the court will consider the examples in § 1B1.13, but will not be

bound by them.  See also United States v. Burrill, 445 F.Supp.3d 22, 24 n.2 (N.D. Cal. 2020) ("even courts which have found the provision to be outdated have held it continues to provide 'helpful guidance.'") (internal citation omitted).

Section 1B1.13 identifies physical or medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, cmt. n.1(A).

Defendant argues that he is obese, which is a condition that puts him at risk of suffering serious illness from COVID-19.  Defendant also argues that his "upper right arm bone was completely shattered by gunshot and had to be repaired with plates and screws." Dkt. 42 at 2.[1]

As an initial matter, while the Centers for Disease Control and Prevention ("CDC") have listed obesity as a condition that increases the risk of severe illness from the virus that causes COVID-19, there is no indication that defendant's gunshot injury increases his risk of illness from COVID-19.  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Mar. 29, 2021).

As to defendant's claimed obesity, the government argues that defendant's own medical records indicate that his weight is between 160 and 175 pounds, which is below the level of

---

[1] Unless otherwise specified, references to "Dkt." shall refer to docket entries in Case No. 18-461.

obesity for his height of 5 feet, 6 inches.[2] Specifically, "obesity" is defined as a body mass index ("BMI") of 30 or above. Defendant's motion claims that he is now 192 pounds, which would place him at a BMI of 31.9, which is considered obese.

Defendant also claims that he contracted COVID-19 in November 2020, and has experienced fatigue, difficulty breathing, headaches, and a lost sense of smell. Dkt. 42 at 5. In response, the government cites defendant's medical records, which do not show that he sought any care for continued breathing problems or other COVID-related effects after recovering. Dkt. 44 at 8.

On this record, the court cannot find that defendant has established "extraordinary and compelling reasons" warranting release. Defendant's claims of obesity and difficulty breathing are not supported by any medical records. And even if the court were to accept defendant's uncorroborated claims (or if it were to consider defendant's argument, made for the first time in reply, that he is at risk of severe illness because he is overweight, even if not obese), the current conditions at FCI Big Spring, where defendant is imprisoned, do not place defendant in a position where his claimed medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and is a condition "from which he or she is not expected to recover." As of April 12, 2021 (the date of this order), there are zero active COVID-19 cases among inmates.[3]

Given that there are zero active COVID-19 cases among inmates at FCI Big Spring, the court cannot find that defendant's claimed obesity constitutes an extraordinary and compelling

---

[2] The government has filed a motion to seal defendant's medical records as containing confidential and personal medical information. See Case. No. 18-461, Dkt. 46; Case No. 12-322, Dkt. 66. The motion to seal is GRANTED.
[3] See https://www.bop.gov/coronavirus.

reason warranting release.  However, out of an abundance of caution, the court will still consider whether the section 3553(a) factors would warrant release in this case, if defendant had established "extraordinary and compelling reasons" under section 3582(c)(1)(A)(i).

2. **Applicable 18 U.S.C. 3553(a) Factors** *(Mark all that apply)*

[X] The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
    [X] Mens Rea  [ ] Extreme Conduct      [ ] Dismissed/Uncharged Conduct
    [ ] Role in the Offense                [ ] Victim Impact
    [X] ***Specific considerations:***  The court previously found that defendant's conduct was a willful violation, as he had already been sentenced in federal court for the same crime of being a felon in possession of a firearm.  Dkt. 29 at 21.

[X] The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):

| | |
|---|---|
| [ ] Aberrant Behavior | [ ] Lack of Youthful Guidance |
| [ ] Age | [ ] Mental and Emotional Condition |
| [ ] Charitable Service/Good Works | [ ] Military Service |
| [ ] Community Ties | [ ] Non-Violent Offender |
| [ ] Diminished Capacity | [ ] Physical Condition |
| [ ] Drug or Alcohol Dependence | [ ] Pre-sentence Rehabilitation |
| [ ] Employment Record | [ ] Remorse/Lack of Remorse |
| [ ] Family Ties and Responsibilities | [ ] Other: *(Specify)* |

[X] Issues with Criminal History: *(Specify)*  Defendant was previously convicted of being a felon in possession of a firearm on February 20, 2013, and was sentenced to 70 months imprisonment.  See Dkt. 14 at 22.

[X] To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*
[X] To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*
[X] To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*
[] To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*
[] To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D)) (Specify)*
[] To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*

    [X] To avoid unwarranted sentencing disparities among defendants *(18 U.S.C. § 3553(a)(6)) (Specify)*

    The combined Guideline range for defendant's offense of being a felon in possession of a firearm and his supervised release violation was 58 to 75 months imprisonment. See Dkt. 15 at 4. The court ultimately sentenced defendant to 52 months imprisonment for the offense of being a felon in possession of a firearm, and 24 months for the supervised release violation, to be served consecutively, for a total sentence of 76 months imprisonment. Case No. 18-461, Dkt. 21; Case No. 12-322, Dkt. 53. As mentioned above, the court considered the fact that defendant's possession of a firearm was a "willful violation." Dkt. 29 at 21.

    Defendant has been in custody since August 26, 2018. Dkt. 42 at 1. He has been imprisoned for approximately 31 months.

    Given that the Guideline range for defendant's offense was 58 to 75 months, a 31-month sentence would create an unwarranted disparity among defendants with similar records who have been found guilty of similar conduct. A sentence that far below the Guideline range would also not reflect the seriousness of the offense or afford adequate deterrence to criminal conduct. In particular, the court notes that it specifically imposed a sentence that was "longer than it was last time" because "it was such a willful violation," having been sentenced for the second time in federal court for being a felon in possession of a firearm. Dkt. 29 at 21.

    [ ] To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*
    [ ] ***Specific considerations***:

**E.  [ ]  DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated: April 12, 2021

                                          */s/ Phyllis J. Hamilton*
                                          Phyllis J. Hamilton
                                   UNITED STATES DISTRICT JUDGE